UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Shaun Crosner | Jennifer Mathis |
| Daria Clecicov | Christy Markos |

**Proceedings:** SKYE BIOSCIENCE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 35, filed on APRIL 25, 2024)

## I.   INTRODUCTION

On February 17, 2023, plaintiff Skye Bioscience, Inc. ("Skye") filed this action against defendant Partner Re Ireland Insurance DAC ("PartnerRe").  Dkt. 1 ("Compl."). Skye asserts three claims for relief: (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief.  Id.

On April 17, 2023, PartnerRe filed a motion to dismiss Skye's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 15.  On June 20, 2023, the Court denied PartnerRe's motion to dismiss.  Dkt. 21.

On July 5, 2023, PartnerRe filed an answer to the complaint and a counterclaim against Skye.  Dkt. 22.  PartnerRe asserts five claims for relief: (1) declaratory relief— insuring agreement is not triggered; (2) declaratory relief—insuring agreement is not triggered because there is no covered loss under the policy; (3) declaratory relief—no duty to defend; (4) declaratory relief—coverage for the underlying action is barred by Exclusion III.F. and/or California Insurance Code Section 533; and (5) allocation.  Id. On July 26, 2023, Skye filed an answer to PartnerRe's counterclaim.  Dkt. 23.

On April 25, 2024, Skye filed the instant motion for judgment on the pleadings. Dkt. 35 ("Mot.").  On May 17, 2024, PartnerRe filed an opposition to Skye's motion. Dkt. 36 ("Opp.").  On May 31, 2024, Skye filed a reply in support of its motion.  Dkt. 38 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

On June 17, 2024, the Court held a hearing on Skye's motion for judgment on the pleadings. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. The Policy

Skye is a biopharmaceutical company incorporated in Nevada and with its principal place of business in California. Compl. ¶ 4. PartnerRe is an insurance company based in Dublin, Ireland. Id. ¶ 5. PartnerRe issued an insurance policy referred to as Directors, Officers and Company Liability Policy No. B0621PNEMU000218 ("the policy") to Skye for the period of December 31, 2018, to December 31, 2020. Id. ¶ 6. The policy was delivered to Skye in California. Id. ¶ 3. The policy provides that PartnerRe is obligated to pay $5,000,000 in aggregate, subject to a retention of $250,000 per claim, on behalf of Skye to cover losses "resulting from any Securities Claim first made against the Company during the [p]olicy [p]eriod for a Wrongful Act." Id. ¶¶ 6,7; dkt. 1-1, Exh. A at 9. The policy defines a "Securities Claim" as follows:

> [A]ny demand or proceeding described in Clause II.B.1. against any of the Insureds. . . alleging any violation of the Securities Act of 1933, the Securities Exchange Act of 1934, rules or regulations of the Securities and Exchange Commission under either or both Acts, similar securities laws or regulations of any federal, state (including any blue sky laws), local or any foreign jurisdiction, any other laws, rules, regulations or statutes regulating securities or any common law arising out of, involving, or relating to the ownership, purchase, sale or distribution of or offer to purchase, sell or distribute any securities of the Company, including any debt or equity securities, whether on the open market or through a public or private offering.

Dkt. 1-1, Exh. A at 49. Wrongful Act is defined as "any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty . . . by [Skye] involving a Securities Claim." Id. at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

### A. Filing of the Cunning Lawsuit

On or about August 6, 2019, during the policy period, Skye received a demand letter from counsel for a former Skye employee, Wendy Cunning. Compl. ¶ 14. While employed at Skye, Cunning resided and worked in California, where Skye's principal place of business is located. Dkt. 1-2, Exh. B ¶¶ 1, 7. In the demand letter, Cunning alleged that she had been wrongfully terminated after she complained about Skye's misconduct, including various violations of federal securities laws. Compl. ¶ 14. She alleged that her termination amounted to retaliation in violation of the Sarbanes-Oxley Act of 2002, Pub. L. 107-204 ("Sarbanes-Oxley") and other federal and state laws. Id. All of the events giving rise to Cunning's allegations occurred in Los Angeles County, including Skye's alleged misconduct, Cunning's reporting of the misconduct, and her termination. Dkt. 1-2, Exh. B ¶ 7.

Cunning sought payment from Skye to compensate her for Skye's alleged misconduct. Compl. ¶ 14. On or about September 12, 2019, Skye reported Cunning's demand letter to PartnerRe, seeking coverage under the policy. Id. ¶ 15. According to Skye, PartnerRe acknowledged that Cunning's demand could be a covered claim under the policy. Id.

On April 16, 2021, Cunning filed a lawsuit (the "Cunning Lawsuit") against Skye in the United States District Court for the Central District of California. Id. ¶ 16. Her complaint reiterated the allegations in her demand letter and brought claims for relief for (1) violation of whistleblower protections under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A *et seq.*; (2) retaliation under California Labor Code § 1102.5; (3) wrongful termination in violation of public policy; and (4) intentional infliction of emotional distress. Id. On November 29, 2021, Cunning filed a First Amended Complaint, which dropped her third and fourth claims but was otherwise substantially similar to the original complaint. Id. ¶ 18.

As relevant here, Cunning specifically alleged that Skye, through a former company director, engaged in "conduct – [including] misleading investors and insider trading – [that constituted] violations of [the Sarbanes-Oxley Act of 2002], securities laws and other possible legal violations." Id. The complaint further states as follows:

> Plaintiff engaged in activity protected under [Sarbanes-Oxley] by complaining about and protesting [Skye's] conduct which she reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

believed constituted a violation of [Sarbanes-Oxley], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal Law relating to fraud against shareholders and potential investors. These included but are not limited to, violating SEC Rule 10-b5, 17 CFR § 240.10b-5 (prohibiting misrepresentations or omissions made in connection with the sale of a security and prohibiting insider trading), and violating [Sarbanes-Oxley] sections 302, 15 U.S.C. § 7241 and 404, 15 U.S.C. § 7262 (prohibiting filing of financial reports with the SEC that contain material untrue or misleading statements).

Id., Exh. B ¶ 37.

### B. PartnerRe's Denial of Coverage

Skye reported the Cunning Lawsuit to PartnerRe and sought coverage under the policy. Id. ¶ 20. Skye contended that the Cunning Lawsuit constitutes a Securities Claim alleging Wrongful Acts under the policy, and, therefore, losses resulting from it should be covered by PartnerRe. Id. ¶ 21. According to Skye, "PartnerRe unreasonably and incorrectly denied coverage" "based . . . on an unreasonably narrow interpretation of the phrase 'Securities Claim,' contrary to its duties under the [p]olicy and the law." Id.

Because PartnerRe denied coverage, Skye funded its own defense of the Cunning Lawsuit. Id. ¶ 23. As of the filing of Skye's complaint, Skye had paid approximately $1,443,205 in defense fees and costs. Id. On January 18, 2023, following a jury trial, a jury rendered a verdict in favor of Cunning, awarding her $4,853,460 in damages. Id. ¶ 25. The Cunning Lawsuit is ongoing, as the parties are filing post-trial motions, and Skye continues to incur legal fees and costs in connection with its defense. Id. ¶¶ 23, 25.

Skye alleges that, in addition to breaching its contractual duty to provide coverage, PartnerRe "breached its implied covenant of good faith and fair dealing and acted in bad faith." Id. ¶ 36. Specifically, Skye alleges that PartnerRe failed to promptly conduct a full and thorough investigation of the Cunning Lawsuit; failed to inquire into bases that might support coverage; unreasonably failed and refused to honor its representations and promises; unreasonably asserted grounds for denying coverage contrary to the terms of the policy, the law, insurance customs and practice, and the facts; and gave greater consideration to its own interests than it gave to Skye's interests. Id. According to Skye,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

PartnerRe committed these acts "for the purpose of consciously withholding from Skye the rights and benefits to which it is and was entitled under the [p]olicy." Id. ¶ 37.

### III. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

**IV.   DISCUSSION**

Skye moves for judgment on the pleadings on three issues: (1) that the Cunning Lawsuit alleges a "Securities Claim" under the policy; (2) that PartnerRe is not entitled to allocation of defense costs; and (3) that Exclusion III.F in the policy does not apply.[1] Mot. at 14.

---

[1] PartnerRe argues that the Court should deny the instant motion as to PartnerRe's fourth and fifth claims for relief and eleventh affirmative defense because a Rule 12(c) motion cannot be directed toward only portions of a claim or an affirmative defense. Opp. at 5. However, according to Skye, "numerous district courts throughout the country have granted motions for partial judgment on the pleadings as to partial claims and discrete legal issues." Reply at 6. Alternatively, Skye asserts that the Court may convert Skye's motion into a motion for summary judgment, which permits partial adjudication. Id. at 7. Because the Court denies Skye's motion for judgment on the pleadings on PartnerRe's fourth claim for relief, fifth claim for relief, and eleventh affirmative defense, the Court does not address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

    A.    Whether the Cunning Lawsuit Alleges a "Securities Claim"

    Skye argues that because the Cunning Lawsuit alleges a "Securities Claim" and is thus a "Wrongful Act" under the policy, Skye is entitled to judgment on the pleadings on PartnerRe's "Second Affirmative [Defense] (that the Cunning Lawsuit does not allege a 'Securities Claim'), Third Affirmative Defense (that the Cunning Lawsuit does not contain allegations of a 'Wrongful Act') and its First Cause of Action (that the insuring agreement is not triggered because [the] Cunning Lawsuit does not allege a 'Securities Claim')." Mot. at 14, 19. Skye contends that the Cunning Lawsuit satisfies the policy's definition of a "Securities Claim" because it alleges a violation of the Sarbanes-Oxley Act—a securities law according to both Congress and this Court. Id. at 15-16; see also dkt. 21 at 11. Skye further argues that the Cunning Lawsuit is a "Securities Claim" because "Section 1514A of the Sarbanes-Oxley Act is nearly identical in all respects to Section 78u-6(h) of the Securities Exchange Act of 1934." Mot. at 16-17. Finally, Skye asserts that, despite PartnerRe's contention, Section 1514A of the Sarbanes-Oxley Act "does not exclusively sound in employment law[.]" Id. at 18.

    In opposition, PartnerRe asserts that "Skye cannot establish that PartnerRe's interpretation of a Securities Claim is incorrect as a matter of law." Opp. at 6 (emphasis omitted). PartnerRe argues that the Cunning Lawsuit falls outside of the policy's definition of a "Securities Claim," which is limited in scope to "laws, rules, regulations or statutes regulating securities." Id. at 7. According to PartnerRe, its contention that the Cunning Lawsuit alleges violations of employment law—rather than violations of laws regulating securities—is both reasonable and plausible, as neither the Labor Code nor Section 1514A regulates securities. Id. at 8-9. PartnerRe also argues that because the policy recognizes separate coverage for a "Securities Claim" and for an "Employment Practices Violation," "Skye cannot shoehorn coverage for what is essentially an Employment Practice Violation by redefining the term Securities Claim." Id. at 9-10. While Skye relies upon the Court's June 20, 2023 order denying PartnerRe's motion to dismiss, PartnerRe asserts that the Court did not find as a matter of law that the Cunning Lawsuit was a Securities Claim. Id. at 10. Further, because the purpose of an insurance policy is critical to the interpretation of its provisions under New York law, PartnerRe argues that "it would be improper to adjudicate this issue against PartnerRe and preclude PartnerRe from discovery into the intent of the Parties with respect to the meaning and scope of a Securities Claim." Id. at 10-11 (emphasis omitted). Finally, PartnerRe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

contends that Section 1514A and Section 78u-6(h) "differ in significant ways[,]" namely that Section 1514A relates to employment law. Id. at 11-13.

In reply, Skye asserts that PartnerRe cannot satisfy its "burden to show that its interpretation of the [p]olicy's language is not only reasonable, but also the only fair interpretation." Reply at 8. According to Skye, the policy's language and the rules of policy interpretation support that the policy does not limit coverage of a "Securities Claim" to claims for violations of laws regulating securities. Id. at 10. With regard to Section 1514A and Section 78u-6(h), Skye contends that "the superficial distinctions PartnerRe attempts to draw do not undercut the Court's prior conclusion that Section 1514A of the Sarbanes-Oxley Act and Section 78u-6(h) of the Securities Exchange Act of 1934 share a 'clear similarity.'" Id. at 12. Finally, Skye argues that extrinsic evidence would be relevant under New York law only if the definition of a "Securities Claim" were ambiguous. Id. Here, Skye asserts that "the plain language of the [p]olicy must be interpreted to mean exactly what it says: that 'Securities Claim' encompasses any lawsuit 'alleging any violations' of securities laws." Id. Thus, because PartnerRe has failed to show that its interpretation of "Securities Claim" is reasonable, Skye argues that it is entitled to partial judgment on the pleadings. Id.

"Insurance policies are contracts to which the ordinary rules of contractual interpretation apply." David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co., 934 F. Supp. 2d 533, 540 (E.D.N.Y. 2013), aff'd 542 Fed. App'x 89 (2d Cir. 2013). Thus, "[a] court resolving a dispute over insurance coverage must start with the language of the policy." Hanover Ins. Co. v. Weirfield Coal, Inc., 474 F. Supp. 3d 564, 569 (E.D.N.Y. 2020). "[T]he precise contours of an insurer's duties . . . ultimately depend upon the specific text of the parties' policy." Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 377 F. Supp. 3d 1134, 1142 (S.D. Cal. 2019). Under both New York and California law, the interpretation of an insurance policy is a question of law. See Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995); Hanover, 474 F. Supp. 3d at 569.

Courts must "give effect to the intent of the parties as expressed in the clear language of the [insurance] contract." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002). Contract language is to be interpreted "in light of 'common speech' and the reasonable expectations of a businessperson." Belt Painting Corp. v. TIG Ins. Co., 100 N.Y. 2d 377, 383 (2003). Unambiguous provisions are given "their plain and ordinary meaning." Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

557, 567 (2d Cir. 2011). Where the language is "doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer." Lee v. State Farm Fire & Cas. Co., 32 A.D. 3d 902, 904 (N.Y. 2006).

As an initial matter, Sarbanes-Oxley, 18 U.S.C. § 1514A, is a "securities law" as defined by Congress in the Securities Exchange Act of 1934. See dkt. 21 at 11; see also 15 U.S.C.A. § 78c(47) ("The term 'securities laws' means . . . the Sarbanes-Oxley Act of 2002[.]"). Further, the Court agrees with Skye that there is a clear similarity between Section 1514A and Section 78u-6(h) of the Securities Exchange Act of 1934. See dkt. 21 at 9-10. Thus, it appears to the Court that the Cunning Lawsuit alleges a "Securities Claim" based on the clear language in the policy. Accordingly, the Court **GRANTS** Skye's motion for judgment on the pleadings on PartnerRe's first claim for relief, second affirmative defense, and third affirmative defense.

### B. Whether PartnerRe Is Entitled to an Allocation of Defense Costs

Skye contends that it is entitled to judgment on the pleadings on PartnerRe's fifth claim for relief and eleventh affirmative defense, which both seek allocation.[2] Mot. at 22. Skye first argues that "the question of whether PartnerRe is entitled to an allocation for indemnity is not yet ripe" because the Cunning Lawsuit has not yet been resolved. Id. at 19. Further, Skye argues that PartnerRe is not entitled to an allocation pursuant to the policy's Allocation Provision. Id. According to Skye, the Cunning Lawsuit in its entirety—not solely the claim for violation of the Sarbanes Oxley Act—is covered by the policy because it is a "Securities Claim," and there are no exclusions that would preclude coverage for any of the claims in the Lawsuit. Id. at 19-20. Skye asserts that the burden shifts to PartnerRe to establish that allegations in the Cunning Lawsuit are excluded by a policy exclusion from coverage. Id. at 21. However, Skye argues that "[b]ecause there is

---

[2] PartnerRe's fifth claim for relief states in part that "to the extent any coverage exists under the [p]olicy in connection with the Underlying Action, PartnerRe is entitled to an allocation for both defense costs and indemnity as between covered Loss and uncovered loss." Dkt. 22 at 23. Its eleventh affirmative defense states: "To the extent coverage under the [p]olicy is available (which PartnerRe denies), a proper allocation of loss and/or defense expenses between PartnerRe and Plaintiff is required." Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

no exclusion or limitation that precludes coverage for a 'portion of [the] Claim,' PartnerRe must pay for all of Skye's defense fees." Id. (emphasis omitted).

In opposition, PartnerRe asserts that it is entitled to allocate defense fees and costs between covered allegations and uncovered allegations in the Cunning Lawsuit pursuant to the policy, which is not a "duty to defend" policy. Opp. at 13-15. While PartnerRe contends that no portion of the Cunning Lawsuit is covered, it argues that it "is entitled to allocate amounts related to the potentially covered Section 1514A claim [] and the wholly uncovered Labor Code Claim." Id. at 15. PartnerRe asserts that a Claim may contain covered and uncovered loss either because of an exclusion or, as in the case here, because some of the loss arises from an uncovered claim. Id. According to PartnerRe, New York law also consistently allows an insurer to allocate between covered and uncovered loss. Id. at 16. Finally, PartnerRe asserts that "Skye's argument that once a lawsuit is filed, it is considered a Claim and thus allocation can never be applied is contrary to the [p]olicy language and the case law applying it." Id. (emphasis omitted).

In reply, Skye argues that PartnerRe has failed to establish any right to allocation of defense costs. Reply at 15. While Skye acknowledges that the Allocation Provision allows PartnerRe to allocate costs between covered and uncovered claims in some cases, it asserts that PartnerRe may not do so here where there are no uncovered claims. Id. According to Skye, PartnerRe "must show that some allegations are uncovered by virtue of the application of a policy exclusion or limitation" to allocate defense costs. Id. at 14. Thus, Skye asserts that because PartnerRe fails to identify a limitation or exclusion in the policy that precludes coverage of Skye's Labor Code claim—or any other claim in the Cunning Lawsuit—Skye is entitled to judgment on the pleadings. Id. at 14-15.

The record before the Court is insufficient for the Court to determine whether or not PartnerRe is entitled to an allocation of defense costs pursuant to the policy. The Court will consider the allocation question at a later stage as appropriate, rather than on a motion for judgment on the pleadings. Accordingly, the Court **DENIES** Skye's motion for judgment on the pleadings on PartnerRe's fifth claim for relief and eleventh affirmative defense.

### C.     Whether Exclusion III.F. Applies to Bar Coverage

Skye asserts that it is entitled to judgment on the pleadings on PartnerRe's fourth claim for relief, which seeks a declaratory judgment that Exclusion III.F. of the policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

bars coverage. Mot. at 24. Skye contends that Exclusion III.F. cannot apply until there has been a "final, non-appealable adjudication finding that Skye engaged in 'deliberately fraudulent or deliberately criminal act[s] or omission[s][.]'" Id. at 22. According to Skye, the issue of whether Exclusion III.F. applies is not ripe because the Cunning Lawsuit is on appeal before the Ninth Circuit. Id. at 22-23. Thus, Skye argues that PartnerRe is not entitled to declaratory relief on this "*prospective* hypothetical situation[.]" Id. at 24 (emphasis in original).

In opposition, PartnerRe argues that the judgment it seeks is not "hypothetical" merely because the Cunning Lawsuit is on appeal. Opp. at 18. According to PartnerRe, "courts routinely hold that the insurer's declaratory judgment action regarding liability for indemnity and defense costs is ripe and justiciable[,]" even when there is not yet a final judgment. Id. Further, PartnerRe contends that Skye similarly asserts claims that depend on a final judgment in the Cunning Lawsuit. Id. at 19. Thus, it argues that if the pending appeal precludes its claims and defenses, then it should also preclude Skye's claims that require a final judgment as to indemnity. Id.

In reply, Skye argues that "[t]he unique nature of Exclusion III.F—namely, that it requires a 'final nonappealable adjudication' as a precondition to being even potentially applicable—makes PartnerRe's fourth cause of action premature, unripe, and invalid as a matter of law." Reply at 16.

In its June 20, 2023 order, the Court found that Skye could seek a declaration that, if the Cunning Lawsuit results in a final judgment that implicates Sarbanes-Oxley, PartnerRe will have an obligation to indemnify Skye. See dkt. 21 at 23. Similarly, PartnerRe may seek a declaration that, if the Cunning Lawsuit results in a final judgment finding "any deliberately fraudulent or deliberately criminal act or omission" by Skye, PartnerRe will not have an obligation to indemnify or reimburse Skye. Accordingly, the Court **DENIES** Skye's motion for judgment on the pleadings on PartnerRe's fourth claim for relief.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Skye's motion for judgment on the pleadings on PartnerRe's first claim for relief, second affirmative defense, and third affirmative defense. The Court **DENIES** Skye's motion for judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01218-CAS (ASx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | SKYE BIOSCIENCE, INC. V. PARTNER RE IRELAND INSURANCE DAC | | |

pleadings on PartnerRe's fourth claim for relief, fifth claim for relief, and eleventh affirmative defense.

    IT IS SO ORDERED.

|  | 00 : 13 |
|---|---|
| Initials of Preparer | CMJ |